**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALFREDO RUIZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12113** |
| **BP EXPLORATION & PRODUCTION, INC.** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss as a Discovery Sanction, filed by Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP").[1] The Motion was set for submission on October 13, 2026. No memorandum in opposition was filed by Plaintiff. Accordingly, this Motion is deemed to be unopposed. After careful consideration of the full record and the law, and for the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The long and tortured history of this case which, incredibly, remains in its infancy, is set forth below.

On August 12, 2019, Plaintiff, represented by counsel, filed a Complaint in this Court as part of the "Back-end Litigation Option Lawsuit" (BELO) pursuant to the Deepwater Horizon medical benefits class action in MDL number 2179.[2] Plaintiff alleged that he was a resident of Brownsville, Texas during the Deepwater Horizon incident and was exposed to substances and chemicals.[3] Sometime thereafter, Plaintiff was diagnosed with chronic rhinosinusitis and reactive airways dysfunction

---

[1] R. Doc. 56.
[2] R. Doc.3.
[3] *Id.* at ¶ 11.

syndrome which he claimed were legally and proximately caused by his exposure to the substances involved in the Deepwater Horizon incident.[4]

The Court issued a Scheduling Order with a deadline of August 1, 2020.[5] On June 2, 2020, Defendant BP filed its first Motion to Compel discovery responses claiming that Plaintiff's Counsel had provided incomplete and deficient discovery responses to BP's interrogatories.[6] On June 15, 2020 the Magistrate Judge granted the Motion to Compel and ordered Plaintiff to supplement his responses.[7] Plaintiff thereafter filed an unopposed Motion to Stay the Case pending mediation, which Motion was granted by the Court.[8] On April 7, 2021 Plaintiff's Counsel moved to withdraw and the Court granted his Motion to Withdraw.[9] The same day the Court granted Plaintiff Counsel's Motion to Withdraw, the Court ordered that Plaintiff "submit, in writing, no later than [two weeks from the Order date] a statement regarding future representation and the steps he has taken to secure new counsel."[10] That Order was sent to Plaintiff by certified mail with the receipt docketed in the file.[11] Plaintiff timely sought an extension of the deadline which the Court granted, giving Plaintiff another month to seek counsel.[12] The Court then gave Plaintiff a further extension to seek counsel.[13] Plaintiff sought, and was granted yet another

---

[4] *Id.* at ¶¶ 12-13.
[5] R. Doc. 14.
[6] R. Doc. 17.
[7] R. Doc. 18.
[8] R. Doc. 19 and R. Doc. 20, respectively.
[9] R. Doc. 24 and R. Doc. 26, respectively.
[10] R. Doc. 28.
[11] R. Doc. 30 and R. Doc. 31, respectively.
[12] R. Doc. 32 and R. Doc. 33, respectively.
[13] R. Doc. 34. Hurricane Ida had struck the Louisiana coast during this time and the Court *sua sponte* extended the deadline.

extension of time to seek counsel.[14] Plaintiff communicated with the Court no further during the interim years until defendant BP filed a Motion to Dismiss for Lack of Prosecution arguing that, to date, Plaintiff had "over 5 years to comply with the first order of the Court and over four years to comply with the second. His failure to comply with either order, combined with his failure to do anything whatsoever to prosecute the case, entitles BP to a dismissal with prejudice."[15] On January 23, 2026, the Court issued a Show Cause Order, requiring Plaintiff to appear by telephone on February 12, 2026 at 10:00 a.m. to show cause why this case should not be dismissed for failure to comply with the Court's Order and for failure to prosecute the case under Fed. R. Civ. P. 41(b).[16] Plaintiff called in for the telephone status conference on that date.[17]

During the Telephone Show Cause Hearing, the Court discussed the status of the case with Plaintiff and asked Plaintiff if he intended to retain new counsel or proceed *pro se*. The Court instructed Plaintiff that if he decides to proceed as a *pro se* litigant, he will need to timely respond to Court Orders and motions filed by the Defendants. The Court confirmed Plaintiff's address with him and reminded him that he was responsibility for monitoring and responding to notices sent via mail. As a result of that discussion, Plaintiff requested additional time to retain new counsel. Counsel for the Defendants did not object to the request and the Court granted the request a set a telephone status conference the following month to discuss the status of Plaintiff's efforts to enroll new counsel. The Court further advised Plaintiff that he

---

[14] R. Doc. 36 and R. Doc. 37.
[15] R. Doc. 38-1, filed December 31, 2025.
[16] R. Doc. 40.
[17] R. Doc. 41.

must advise the Court at that time whether he has retained counsel or intends to proceed as a *pro se* litigant, and whether he intends to pursue this litigation. During the telephone status conference the following month, the Plaintiff advised that he had been unable to retain counsel and that if he could not retain new counsel, he would proceed *pro se*.[18] The Court advised Plaintiff that if he proceeds as a *pro se* litigant, he will need to timely respond to Court Orders and motions filed by the Defendants. The Court again confirmed Plaintiff's address with him and reminded him that he was responsible for monitoring and responding to notices sent via mail. Plaintiff advised that he now uses e-mail and provided the Court with his email address. The Court advised Plaintiff and Defendant that it would set a telephone scheduling conference with the Court's case manager to set dates for the final pretrial conference and trial, as well as accompanying pretrial deadlines. The Court thereafter lifted the stay and a new Scheduling Order was issued.[19] On August 6, 2026, BP filed a Motion to Enforce this Court's Order on the Motion to Compel advising that Plaintiff never complied with the Magistrate Judge's Order to supplement his inadequate discovery responses.[20] Defendant advised that the Motion was sent to Plaintiff by certified mail and at the email Plaintiff provided to the Court.[21] Defendant also filed another Motion to Compel.[22] Plaintiff once again did not respond to the Motion, and both Motions were granted.[23] The Order required Plaintiff

---

[18] R. Doc. 42.
[19] R. Doc. 44 and R. Doc. 49, respectively.
[20] R. Doc. 51.
[21] *Id.*
[22] R. Doc. 53.
[23] R. Doc. 55.

to supplement his discovery responses by September 16, 2026 and cautioned Plaintiff that "failure to comply with this order may result in sanctions, including a recommendation that his lawsuit be dismissed for failure to prosecute."[24] Plaintiff did not supplement his discovery responses by that date, nor did he communicate with defense counsel or the Court for an extension of the deadline. To date, now well over one month since that deadline to file discovery responses, Plaintiff still has not provided any supplemental discovery responses. Defendant has now filed the Motion to Dismiss Case as a Discovery Sanction.[25]

## II. LEGAL STANDARD

Under Federal Rules of Civil Procedure 37, if a party "fails to obey an order to provide or permit discovery," the Court is authorized to impose sanctions, including "dismissing the action or proceeding in whole or in part."[26] The Rules also provide that "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order, a defendant may move to dismiss the action or any claim against it."[27] "In addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice."[28] Dismissal with prejudice "is warranted only where a clear record of delay or

[24] *Id.*
[25] R. Doc. 56.
[26] Fed. R. Civ. Proc. 37(b)(2)(A)(vi).
[27] Fed. R. Civ. Proc. 41(b).
[28] *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980).

contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice."[29]

"[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice."[30] Where dismissal without prejudice will likely bar future litigation due to the applicable statute of limitations, dismissal is reviewed under a heightened standard.[31] Specifically,

> [S]everal factors ["*Conner* factors"] must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.[32]

Courts have found a clear record of delay "where there have been 'significant periods of total inactivity.'"[33] And courts have found that "[d]ismissal is warranted when a court is faced with '[d]eliberate, repeated refusals to comply with discovery orders.'"[34]

---

[29] *Id.* (citations omitted).
[30] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (alterations in original) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).
[31] *See Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013).
[32] *Doe v. Am. Airlines*, 283 Fed. Appx. 289, 291 (5th Cir. 2008) (per curiam) (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir.1994)).
[33] *Magana v. Shore Constr., LLC*, No. CV 17-1896, 2018 WL 4252545, at *3 (E.D. La. Sep. 6, 2018) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n. 5 (5th Cir. 1992)).
[34] *Id.* (second alteration in original) (quoting *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985)).

## III. ANALYSIS

The Court first recognizes that dismissal with prejudice is an extreme sanction that is not imposed lightly. With that in mind, and after reviewing the record, the Court finds that all *Conner* factors are present in this case, warranting dismissal.

First, the Court finds the Plaintiff's refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct.[35] Plaintiff's repeated failure to comply with the Court's Orders without even attempting to put forth an excuse demonstrates the kind of conduct that warrants dismissal. Courts have repeatedly found that this type of behavior constitutes contumacious conduct.[36] Plaintiff has been warned several times of the consequences that would result from his failure to comply with the Court's Orders and his discovery obligations. The Court finds that this behavior is not merely negligent and instead shows an intentional refusal to abide by the Court's Orders.

Second, the Court finds there is delay caused by the Plaintiff himself and not his attorney.[37] Although Plaintiff was originally represented by counsel, his counsel requested to withdraw as attorney of record on April 7, 2021.[38] That Motion was granted on April 8, 2021,[39] and that same day, the Court issued an Order giving

---

[35] *Conner*, 20 F.3d at 1380.

[36] *See Magana v. Shore Constr.*, LLC, No. CV 17-1896, 2018 WL 4252545, at *4 (E.D. La. Sep. 6, 2018) (quoting *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985) ("Dismissal is warranted when a court is faced with '[d]eliberate, repeated refusals to comply with discovery orders.'")); *Dixon v. BP Am. Prod.*, No. CV 20-3257, 2021 WL 6197998, at *1 (E.D. La. Dec. 9, 2021), *report and recommendation adopted sub nom. Dixon v. BP Expl. & Prod., Inc.*, No. CV 20-3257, 2021 WL 6197154 (E.D. La. Dec. 30, 2021); *George v. BP Expl. & Prod., Inc.*, No. 18-CV-06033, 2019 WL 3526551, at *2 (E.D. La. June 10, 2019).

[37] *Magana*, 2018 WL 4252545, at *3. *See Conner*, 20 F.3d at 1380.

[38] R. Doc. 24.

[39] R. Doc. 26.

Plaintiff until May 27, 2021 to retain new counsel and for new counsel to file a Motion to enroll in the case. The Order was sent to Plaintiff by regular and certified U.S. mail to the addresses provided by Plaintiff's former counsel. The certified mail was not returned to the Court as undeliverable. Plaintiff failed to respond to that Order from the Court. Subsequently, on August 2, 2021, the Court again ordered Plaintiff to inform the Court in writing by August 27, 2021, if Plaintiff intended to proceed *pro se* or intended to retain new counsel and further to have new counsel file a motion to enroll in the case by that date.[40] Three extensions of time were granted to allow the Plaintiff additional time to find representation.[41] During the Telephone Show Cause Hearing on February 12, 2026, the Court advised Plaintiff that if he decides to proceed as a *pro se* litigant, he will need to timely respond to Court Orders and motions filed by the Defendants.[42] The Court confirmed Plaintiff's address with him and reminded him that he was responsibility for monitoring and responding to notices sent via mail.[43] During the March 12, 2026 Telephone Status Conference, the Court again reiterated Plaintiff's obligations as a *pro se* litigant.[44] The delays in litigation over the past 5 years can only be attributed to Plaintiff himself. The Court has made Plaintiff aware of his responsibilities as a *pro se* litigant and Plaintiff has nonetheless failed to abide by this Court's Orders.

---

[40] R. Doc. 30.
[41] R. Doc. 33; R. Doc. 34; R. Doc. 37.
[42] R. Doc. 41.
[43] *Id.*
[44] R. Doc. 42.

Third, the Court finds the Plaintiff's conduct substantially prejudiced the opposing party.[45] The Plaintiff's refusal to participate in his own lawsuit has prevented the Defendants from investigating his claims. On June 2, 2020, Defendant BP filed its first Motion to Compel discovery responses claiming that Plaintiff's Counsel had provided incomplete and deficient discovery responses to BP's interrogatories.[46] In its Motion, BP alleged Plaintiff failed to provide adequate responses regarding Plaintiff's employment during the spill response, expense calculations, lost wages, medical expenses, and more.[47] On June 15, 2020 the Magistrate Judge granted the Motion to Compel and ordered Plaintiff to supplement his responses.[48] Plaintiff never submitted supplemental discovery responses and did not take any other action in this case for more than four years. As a result of this failure to provide discovery responses, or any other action in the case, the Defendants are "hamstrung to develop any defense to this lawsuit."[49] Defendants, six years into litigation, still do not have a clear picture of the relevant facts of this case. Further, Defendants continue to incur expenses as they strive to comply with Court deadlines,[50] and requiring them to continue litigating this case in the Plaintiff's apparent absence would result in substantial prejudice.[51]

---

[45] *Magana*, 2018 WL 4252545, at *3.
[46] R. Doc. 17.
[47] R. Doc. 17-1 at p. 2.
[48] R. Doc. 18.
[49] *Contreras v. BP Expl. & Prod. Inc.*, No. CV 18-8656, 2019 WL 4673175, at *2 n.3 (E.D. La. Sep. 25, 2019).
[50] *Magana*, 2018 WL 4252545, at *4.
[51] *See George v. BP Expl. & Prod., Inc.*, No. 18-CV-06033, 2019 WL 3526551, at *2 (E.D. La. June 10, 2019) (dismissing a similar BELO case and noting "Not only has BP incurred the cost of filing multiple motions to obtain what it is clearly entitled to, but more importantly, BP will be unable to defend against [Plaintiff]'s case without the discovery that it seeks.").

Fourth, the Court finds a less drastic sanction would not substantially achieve the desired deterrent effect.[52] Several lesser sanctions are available to the Court: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket."[53] Given the significant periods of inactivity in this case, and the Plaintiff's disregard of the Court's Orders, no lesser sanction will serve justice here. The Court has imposed sanctions in this case including explicit warnings, which have been ignored. Plaintiff was warned specifically on August 26, 2026 that his failure to comply with the Court's Order granting BP's Motion to Compel and Motion to Enforce "may result in sanctions, including a recommendation that his lawsuit be dismissed for failure to prosecute."[54] Despite this explicit warning, Plaintiff failed to abide by the Order.

Assessment of fines, costs or damages in this case are unlikely to spur Plaintiff to comply with Court Orders or engage in the prosecution of his case. Plaintiff has shown a complete unwillingness to participate in his litigation, which the Court finds is unlikely to be remedied by imposing monetary penalties. A conditional dismissal seems equally unlikely to persuade Plaintiff to comply with deadlines and Orders he has previously ignored. Dismissal without prejudice is unavailable in this case because the statutes of limitations have run on Plaintiff's claims, thus rendering a

[52] *Conner*, 20 F.3d at 1380.
[53] *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (quoting *Rogers v. Kroger Co.,* 669 F.2d 317 (5th Cir. 1982)).
[54] R. Doc. 55.

dismissal with or without prejudice equally severe.[55] Having considered the lesser sanctions that the Court may impose, the Court finds that sanctions such as a monetary assessment, conditional dismissal, or dismissal without prejudice, would be futile and would not serve the best interests of justice.

## IV. CONCLUSION

The Court recognizes that dismissal with prejudice is an extreme sanction and does not impose it lightly. However, the Court finds that little to no steps have been taken in the prosecution of this case since its inception in 2019, and all aggravating *Conner* factors are present. The Court is entitled to impose sanctions "to achieve the orderly and expeditious disposition of cases."[56] Thus, the Court finds dismissal with prejudice appropriate in this case.

Accordingly,

**IT IS ORDERED** that BP's Motion to Dismiss as a Discovery Sanction[57] be **GRANTED** and Plaintiff's claims be dismissed with prejudice.

New Orleans, Louisiana, November 3, 2026

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**

---

[55] *Rogers v. Kroger Co.*, 669 F.2d 317, 323 n.9 (5th Cir. 1982).
[56] *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962).
[57] R. Doc. 56.